UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JIE ZHU,

                           **Plaintiff**

-against-

THE CITY OF NEW YORK, and
POLICE OFFICER GARY MULCAHY and
POLICE OFFICER JOHN DOE of the
NEW YORK CITY POLICE DEPARTMENT

                           **Defendant(s),**

:
:
:
:  **COMPLAINT**
:  **AND JURY DEMAND**
:
:  No.
:
:
:
:
:
x

CV 14 6857

DEARIE, J.
GO, M.J.

## PRELIMINARY STATEMENT

1.     This is an action for monetary damages (compensatory and punitive) against THE CITY OF NEW YORK, and POLICE OFFICER GARY MULCAHY of the New York City Police Department ("NYPD") and other members of the NYPD, arising out of the false arrest false imprisonment and malicious prosecution of JIE ZHU.

2.     On June 28, 2012, POLICE OFFICER MULCAHY of the NYPD, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

3.     On July 10, 2012, POLICE OFFICER JOHN DOE, of the NYPD who's names is currently unknown, and other members of the NYPD, acting under the color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, false arrest, false imprisonment and detention for acts of which plaintiff was innocent. This unconstitutional and unreasonable seizure of the

plaintiff and his property was in violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

4.     The Plaintiff, JIE ZHU, through his attorneys, complaining of the defendants, respectfully alleges:

## JURISDICTION

5.     This action is brought under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983, 1985 and 1988 and the Fourth, Fifth and Fifteenth Amendments to the Constitution of the United States. Pendant Jurisdiction, pendant party jurisdiction, and supplementary jurisdiction over plaintiff's state law claims is asserted.

6.     The amount in controversy exceeds $75,000.00 excluding interest and costs.

7.     Venue is laid within the United States District Court for the Eastern District of New York in that the claims alleged in the complaint occurred within the boundaries of the Eastern District of New York, particularly Queens County.

## PARTIES

8.     Plaintiff at all times relevant hereto resided in the City and State of New York, County of Queens.

9.     That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing under the laws, statutes and charters of the State of New York.

10.    The NYPD was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

2

11.     That at all times hereinafter mentioned, and on information and belief, the defendants POLICE OFFICER GARY MULCAHY, POLICE OFFICER JOHN DOE other members of the NYPD, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the NYPD.

12.     At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

13.     That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendant, THE CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

14.     That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts under to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

15.     On June 28, 2012, at approximately 7:53 p.m., plaintiff, accompanied with two friends, went to his apartment located at 144-44 38th Avenue, Apartment 4F, where his estranged wife, Shui He, was residing so that he could check on the status of his apartment and get personal belongings which he needed.

16.     On June 28, 2012 plaintiff was not living at his home, but rather with his parents, because he and his wife, Shui He, were going through a divorce.

17.   On June 28, 2012, although plaintiff had been issued a limited order of protection by Judge Anne-Marie Jolly of Queens County Family Court which precluded him from committing criminal acts against Shui He, the order did exclude plaintiff from going to his home or from having contact with Shui He.

18.   In addition, out of a concern that his wife might attempt to falsely accuse him, plaintiff video recorded his entire visit to 144-44 38th Street on June 28, 2012.

19.   Upon arriving at the location, plaintiff knocked on the door a number of times in a normal voice but she did not answer. Since plaintiff suspected that she was there, even though she was not responding, he knocked on the door a few more times and told his wife to care of herself and that he hope that she would open the door the next time he came to the apartment. Throughout the entire time that he was at his apartment he acted civilly, and never once raised his voice.

20.   As plaintiff went to leave POLICE OFFICER GARY MULCAHY approached plaintiff in the lobby and told plaintiff that he was under arrest for violating an order of protection.

21.   Although plaintiff explained that he had not done anything wrong as evidenced by his video recording which he offered to show POLICE OFFICER GARY MULCAHY, plaintiff was arrested.

22.   POLICE OFFICER GARY MULCAHY had no basis to arrest the plaintiff.

23.   Plaintiff suffered emotional distress because of his arrest and detention.

24.   Plaintiff was particularly embarrassed and being handcuffed in front of his neighbors and friends.

25.   Plaintiff remained in police custody for approximately 24 hours before he was released after appearing in Queens County Criminal Court.

26.     Plaintiff was required to make numerous appearances in Court until his case was dismissed.

27.     As a result of his arrest and required court appearances plaintiff was forced to miss many days of work.

28.     Defendants acted maliciously and intentionally.

29.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

30.     On or about June 29, 2012 plaintiff was released on his own recognizance following his arraignment in Queens Criminal Court. At his arraignment the Court issued an order of protection that ordered plaintiff to have no contact with his wife.

31.     In early July of 2012 plaintiff corresponded via email with members of a Chinese organization known as Chinese American Startup Association.

32.     In plaintiff's correspondence with these members, he discussed his wife Shui He, but in these communications he never violated the conditions of the order of protection that had been issued at plaintiff's arraignment on June 29, 2012.

33.     On July 10, 2012 defendants JOHN DOE and other members of the NYPD arrested plaintiff for violating the order of protection even though there was no proof that he had ever done so.

34.     Following his arrest on July 10, 2012 plaintiff was taken to 109 precinct and then to Queens County Criminal Court where he was released after the Queens County District Attorney's Office declined to prosecute the plaintiff.

35.     Plaintiff was in custody for approximately 24 hours prior to his release.

36.     Defendants acted maliciously and intentionally.

37.     As a direct and proximate result of the acts of defendants, plaintiff suffered injuries including but not limited to, embarrassment, humiliation, emotional distress, and loss of liberty and property.

## FIRST CLAIM FOR RELIEF
### (FALSE ARREST AND ILLEGAL IMPRISONMENT)

38.     Paragraphs 1 through 38 are herein incorporated by reference.

39.     Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

40.     Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

41.     As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.     In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.     Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.     Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (MUNICIPAL LIABILTY)

42.   Paragraphs 1 through 42 are incorporated herein by reference.

43.   Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

44.   Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

45.   Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

46.   Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

47.   Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

48.   Defendants subjected plaintiff to false arrest and false imprisonment.

49.   Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.   In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

7

B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.    Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (FOURTH AMENDMENT)

50.    Paragraphs 1 through 50 are incorporated herein by reference.

51.    Defendant POLICE OFFICER GARY MULCAHY AND JOHN DOE arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

52.    That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

53.    Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.    In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.    Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

8

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.      Granting such other and further relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
## (FOURTEENTH AMENDMENT)

54.      Paragraphs 1 through 54 are incorporated herein by reference.

55.      Defendants POLICE OFFICER GARY MULCAHY AND JOHN DOE illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

56.      That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured to him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

57.  Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.      In favor of the plaintiff in the amount of One Million ($1,000,000.00) Dollars;

B.      Awarding plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

C.      Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action; and

D.    Granting such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Dated: New York, New York
      November 21, 2014,

                    FINK & KATZ, PLLC

By:    Jonathan A. Fink
        One of Plaintiff's Attorneys

**Attorneys for Plaintiff**

Brian L. Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, New York 10004
Telephone: (212) 248-7906
Fax: (212) 248-7908


Jonathan A. Fink
Fink & Katz, PLLC
40 Exchange Place, Suite 2010
New York, New York 10005
Telephone: (212) 385-1373
Fax: (212) 689-1710